**UNITED STATES of America,**
**Appellee,**

v.

Tracey BLACKWELL, aka Sealed Deft. # 2; Cynthia Chaney, aka Sealed Deft. # 5; Jorge Pasqual, aka Sealed Deft. # 6; Prentis Lindsey, aka Sealed Deft. # 7; Kevin Watson, aka Sealed Deft. # 8; Henry O. Felton, aka Sealed Deft. # 9; Sealed Deft # 11, aka Sealed Deft. # 11; Sealed Deft # 12, aka Sealed Deft. # 12; Lorraine Howard, aka Sealed Deft. # 13; Melvina Bennett, aka Sealed Deft. # 14; George Belgrove, aka Sealed Deft. # 15; Gregory Leon Whitehurst, aka Sealed Deft. # 16; David Kyles, aka Sealed Deft. # 17, Defendants,

Tommy Walker, III, aka Sealed Deft. # 1; Gary Miller, aka Sealed Deft. # 3; Raymond Cobbs, aka Sealed Deft. # 4; Andre Galloway, aka Sealed Deft. # 10, Defendants–Appellants.

Docket Nos. 97–1143, 97–1144, 97–1173, 97–1242.

United States Court of Appeals, Second Circuit.

Submitted: Jan. 4, 1999

Decided: March 19, 1999

As Amended: Dec. 21, 1999

Terence L. Kindlon, Albany, N.Y. (Kindlon and Shanks, P.C., Albany, NY, of counsel), for Defendant–Appellant Galloway.

Richard R. Southwick, John G. Duncan, Assistant United States Attorneys for the Northern District of New York, Syracuse, N.Y. (Thomas J. Maroney, United States Attorney for the Northern District of New York, Syracuse, NY, of counsel), for Appellee.

Before: FEINBERG, PARKER, and SACK, Circuit Judges.

PER CURIAM.

Defendant–Appellant Andre Galloway appeals from a judgment of the United States District Court for the Northern District of New York (Howard G. Munson, *Judge*), entered April 10, 1997, convicting him, upon a plea of guilty, of one count of conspiracy to distribute cocaine, cocaine base, methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Defendant–Appellant claims that the entry of his plea did not meet the standards of Fed. R.Crim. Proc. 11 as interpreted by this Circuit, and accordingly, his plea cannot be considered to have been knowing, intelligent, and voluntary. We agree with Defendant–Appellant and vacate his judgment of conviction.

On October 19, 1995, Defendant–Appellant Andre Galloway, along with 15 other co-defendants, was indicted under a 27–count Indictment in the United States District Court for the Northern District of New York. The Indictment alleged the existence of a large-scale criminal enterprise which, between 1991 and 1995, distributed crack cocaine and other drugs via individual street sellers or "shorties," who were stationed at numerous locations in Utica, Auburn, and Rome, New York. Count One of the Indictment alleged a Continuing Criminal Enterprise, a violation of 18 U.S.C. § 848(a), (c), and 18 U.S.C. § 2. Count Two alleged a conspiracy to possess with intent to distribute cocaine, cocaine base, methamphetamine, and marijuana, a

violation of 21 U.S.C. § 846. Galloway was indicted under both of these counts. Within this organization, Galloway's alleged role was to travel between the "spots" where the "shorties" were selling the drugs, bringing drugs to them and, to some extent, supervising them.

Several months prior to the trial of most of his co-defendants, Galloway entered into a plea agreement with the government whereby Galloway would plead guilty to Count 2 of the Indictment and would waive all rights to appeal. The plea was entered on January 23, 1996, before Judge Howard G. Munson. By mutual consent, Galloway and another defendant, David Kyles, agreed to plead guilty at the same proceeding.

Judge Munson first explained to both defendants that they had a right to plead not guilty, a right to a trial, a right to an attorney, a right to remain silent, and a right to use subpoenas. Both defendants waived a reading of the indictment, and Galloway entered his plea of guilty.

Galloway was then placed under oath to answer truthfully the judge's questions. He stated he was not under medication, that he was satisfied with his attorney, that he understood his constitutional rights, and that the government had made no promise of leniency other than what was contained in his plea agreement. The government then stated the facts that would have proved Galloway's guilt at trial. Judge Munson asked Galloway if he was a member of the conspiracy, and if he had participated in the conspiracy. Galloway answered both questions in the affirmative. He also stated, in response to the judge's queries, that he had read and understood the plea agreement. The government set forth the maximum and minimum penalties. Galloway's counsel stated that he had spent several hours with Galloway explaining the plea agreement and the charges to Galloway. Galloway affirmed that he was pleading guilty because he was guilty. The judge then entered Galloway's plea and turned his attention to David Kyles.

During this colloquy with the defendant, Judge Munson neglected to mention two important matters. First, Judge Munson did not draw attention to the fact that Galloway's plea agreement contained a provision waiving his right to appeal his conviction and sentence. Generally, a waiver of the right to appeal "should only be enforced by an appellate court if the record 'clearly demonstrates' that the waiver was both knowing ... and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir.1996) (citations omitted). Second, and more importantly, Judge Munson did not adequately determine that the defendant understood the nature of the offense with which he was charged.

A guilty plea "is a grave and solemn act to be accepted only with care and discernment." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). A plea cannot be considered voluntary unless the defendant receives " 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.' " *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976)(quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941)). "Before accepting a plea of guilty ..., the court must address the defendant *personally* in open court and inform the defendant of, *and* determine that the defendant understands, ... the nature of the charge to which the plea is offered...." Fed. R.Crim. Proc. 11(c) (emphasis added).

This Court has specifically held Fed. R.Crim. Proc. 11(c) to mean that, "as a minimum, before accepting a guilty plea each district judge must personally inform the defendant of each and every right and other matter set out in Rule 11. Otherwise the plea must be treated as a nullity." *United States v. Journet*, 544 F.2d 633, 636 (2d Cir.1976). When the charge is conspiracy, a defendant should not be allowed

to plead guilty unless he understands, "[a]t a minimum ... that such a charge requires proof of an agreement between two or more persons to commit an offense ... knowledge of the existence of a conspiracy; and an intent to participate in the unlawful enterprise." *Irizarry v. United States,* 508 F.2d 960, 966 (2d Cir.1974).

Here, Judge Munson was informed by Galloway's attorney that he had explained the plea agreement and the indictment to Galloway. The Supreme Court in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), however, held that an attorney's representation that he explained a charge to the defendant is not enough to demonstrate that the defendant understands the nature of that charge. *See id.* at 466–67, 89 S.Ct. 1166. Rather, a district court judge must personally question the defendant to confirm that he possesses the requisite understanding. *Id.* In making this inquiry, "[a] court is not required to follow any particular formula...." *United States v. Andrades,* 169 F.3d 131, 135 (2d Cir.1999). It is enough for the district court to " 'describ[e] the elements of the offense in the court's own words' or [to] 'provide that information by reading the indictment to the defendant where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient.' " *Id.* (citations omitted). Finally, "[i]f defendant's recitation of his own conduct insufficiently supports the relevant charge, then Rule 11(c)(1) nonetheless is satisfied where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and discussed with his attorney that legal document." *Id.*

The district court here never asked Galloway whether he understood the nature of the offense to which he was entering a guilty plea. The court, moreover, did not itself explain the elements of the conspiracy to Galloway, nor did it read the indictment to him. Finally, the court did not ask the defendant to describe his partic-

ipation in the offense, and the defendant therefore did not provide the court with sufficient information to establish that he understood the meaning of his plea. For these reasons, we are not satisfied that Galloway's guilty plea was knowing, intelligent and voluntary, and we will not enforce the provision of the plea agreement waiving Galloway's right to appeal.

For the above reasons, the judgment of conviction is VACATED and the case REMANDED.