UNITED STATES of America, Appellee,

v.

Jimmy GLEN, Defendant–Appellant.

Docket No. 04–2394–CR.

United States Court of Appeals, Second Circuit.

Argued: Feb. 3, 2005.

Decided: Aug. 10, 2005.

---

182

Thomas Theophilos, Law Office of Thomas Theophilos, Buffalo, New York, for Defendant–Appellant.

Lisa M. Fletcher, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, on the brief, Elizabeth S. Riker, Assistant United States Attorney, of counsel), Syracuse, New York, for Appellee.

Before: WINTER and POOLER, Circuit Judges, and BRIEANT, District

Judge.*

WINTER, Circuit Judge.

Jimmy Glen appeals from his conviction and sentence after pleading guilty before Judge Mordue. Appellant admitted to participating in a conspiracy to distribute more than 50 grams of crack cocaine. He challenges the validity of his plea on the grounds that: (i) the district court violated Rule 11; (ii) his plea was not knowing and voluntary; and (iii) his plea bargain is unenforceable for lack of adequate consideration. Alternatively, he seeks resentencing on the ground that the state convictions predicate to his mandatory minimum sentence were not final within the meaning of 21 U.S.C. § 841(b)(1)(A). We conclude that appellant's plea was valid. However, appellant's prior felony convictions were not final; the mandatory minimum was therefore inapplicable; and we vacate appellant's sentence and remand for resentencing.[1]

## BACKGROUND

Appellant was arrested on December 10, 2000, while transporting 143.73 grams of cocaine base from New York City to Syracuse. Appellant was charged with substantive and conspiracy counts of violating 21 U.S.C. § 841(a)(1), which makes it illegal to possess a controlled substance with intent to distribute. Each count charged that the quantity of crack cocaine involved in the conspiracy was at least 50 grams. The indictment and a prior felony information filed by the government also charged that Glen had been convicted of two prior felonies, one in 1977 and one in 1996. (Appellant had actually been convicted of two felonies in 1977. *See* Note 3, *infra.*) The existence of two final felony convictions would subject him to a mandatory minimum life sentence.

When appellant plead guilty to the conspiracy count of the indictment without a plea agreement, the government dismissed the substantive count. Prior to sentencing, appellant argued that neither of his 1977 convictions could be relied upon to enhance his sentence under Section 841(b)(1)(A) because his state appeals were still pending and therefore neither was "final," as required by the statute.

The district court rejected this claim, holding that (one of) appellant's 1977 convictions was "final because the period for perfecting his direct appeal has passed." Glen appeals each of these determinations and also raises Rule 11, due process, and contract-based challenges to his conviction.

## DISCUSSION

a) *Rule 11 Violations*

Appellant argues that the court violated Rule 11 by not defining "conspiracy," fail-

---

\* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

1. Appellant also challenges the sufficiency of the indictment because it charged him with conspiracy to possess with intent to distribute "cocaine and cocaine base (crack), schedule II controlled substances," rather than "a mixture or substance such as coca leaves, cocaine, ecgonine, or any compound or mixture, or preparation which contains any quantity of the above substances,—which contains cocaine base." An unconditional plea of guilty waives all contentions that are not jurisdic-

tional, *United States v. Sykes*, 697 F.2d 87, 89 (2d Cir.1983), and this argument is therefore waived. Even if we view appellant's claim as arguing that the indictment failed to charge a federal offense and therefore as making a jurisdictional challenge, *United States v. Doyle*, 348 F.2d 715, 718 (2d Cir.1965), the indictment did charge a federal offense under 21 U.S.C. § 841(a)(1). Possession of "cocaine and cocaine base (crack)" necessarily constitutes possession of a substance containing cocaine or cocaine base—a federal offense under the statute. *Id.*

ing to explain that he could still challenge the finality of his 1977 convictions if he went to trial, and allowing him to enter a guilty plea involuntarily, based on worthless promises that if he did so, he could challenge his 1977 convictions at sentencing. Appellant did not raise these claims before the trial court, and they are therefore subject to plain error review. *United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). There was no plain error.

### 1. Definition of conspiracy

■ Rule 11(b)(1)(G) requires a district court to "determine that the defendant understands ... the nature of each charge to which the defendant is pleading." A defendant charged with conspiracy "should not be allowed to plead guilty unless he understands, 'at a minimum ... that such a charge requires proof of an agreement between two or more persons to commit an offense ... knowledge of the existence of a conspiracy; and an intent to participate in the unlawful enterprise.'" *United States v. Blackwell*, 199 F.3d 623, 625–26 (2d Cir.1999) (per curiam) (quoting *Irizarry v. United States*, 508 F.2d 960, 966 (2d Cir. 1974)) (vacating guilty plea). *Blackwell* relied upon the fact that the court had not read the indictment to the defendant and itself stated that reading the indictment could provide sufficient notice of the meaning of conspiracy. *Id.* at 626; *see also Frederick v. Warden, Lewisburg Correctional*, 308 F.3d 192, 198 (2d Cir.2002).

In the present case, sufficient notice of the meaning of the conspiracy charge was provided to appellant in at least two ways. First, appellant received a copy of the indictment before the plea hearing and heard the indictment read at that hearing. The indictment charged appellant, inter alia, with "knowingly" and "intentionally ... agree[ing] with persons" to intention-

ally distribute cocaine, thus adequately explaining the meaning of conspiracy. *See id.* at 197 (conspiracy charge sufficiently explained where indictment, which was read in court, "made it clear that appellant was charged with acting and agreeing with others to possess and distribute illegal drugs ... and it is unclear to us what sort of elaboration would have enhanced in any significant measure appellant's understanding of the conspiracy charge").

Second, as in *Frederick*, the government's proffer of evidence against appellant "added factual flesh to the bones of the charge and was quite specific about appellant's participation with others in the drug conspiracy," *id.*, thereby giving him notice of the meaning of the charge. For example, the government stated that it possessed wiretap evidence of drug-related phone calls between the defendant and his co-conspirators and could offer the testimony of co-conspirators that they had drug-related conversations with Glen.

### 2. Failure to inform appellant that a guilty plea was not necessary for him to challenge 1977 convictions

■ The district court did not have a Rule 11 obligation to tell appellant that going to trial would not preclude him from challenging the finality of his 1977 convictions. The court explained to appellant that his minimum sentence would be life without parole if the court found that two final felony convictions existed; further, the court ensured that appellant understood that the Sentencing Guidelines would apply. No more information about sentencing options was required. Specifically, Rule 11 does not require a court to compare a defendant's sentencing options after a guilty verdict to his sentencing options after a guilty plea. *See United States v. Mercado*, 349 F.3d 708, 711 (2d Cir.2003) ("neither this Court nor the Supreme

Court has added additional requirements to the Rule 11 plea colloquy beyond those specifically enumerated"). In any case, the court informed appellant that his sentencing options would be the same after trial as after a guilty plea. *See* Appendix at 41 ("[I]f I accept your plea of guilty ... I am going to have the authority to sentence you ... just as though a jury ... came back with a verdict of guilty").

### 3. Voluntariness of Plea

■ Rule 11(b)(2) imposes an obligation on a district court to determine that a guilty plea is voluntary in that it "did not result from ... promises (other than promises in a plea agreement)." Here, the government informed the court that "the defendant has requested, and the Government agrees, to reserve his right to argue at sentencing that his 1977 conviction should not count toward the penalty enhancement called for in [21 U.S.C. § 841(b)(1)(A) ], and as I say, the Government agrees—we agree for him to reserve that right." According to appellant, this statement implied that in order to challenge the applicability of the mandatory minimum, appellant had to plead guilty. Therefore, he argues, his guilty plea may have been induced by the promise to allow him to challenge the 1977 convictions and therefore involuntary.

We disagree. As noted, the indictment charged—actually understated—that appellant had "two prior final convictions" in 1977 and 1996. The government's statement at the plea hearing simply pointed out to the court that appellant had preserved an objection to this charge and was not admitting it by pleading guilty. Indeed, absent an explicit preservation of such an objection, the government might have argued that appellant could not challenge the finality of his prior felony convictions at sentencing.[2]

### b) *Consideration for the Guilty Plea*

■ Appellant argues that his plea is invalid because its validity turns on contract principles and there was, under those principles, no adequate consideration. For this argument, he relies upon an overreading of *United States v. Brunetti*, 376 F.3d 93 (2d Cir.2004). In *Brunetti*, the government had rejected the defendant's request for a proffer session—sought in the hope of obtaining a cooperation agreement and a reduced sentence—unless the defendant first plead guilty. When he offered to enter such a plea, the government agreed to the proffer but expressly reserved the right, after hearing the proffer, to refuse to enter into a cooperation agreement involving a reduced sentence. When the proffer session ended with no sympathetic movement by the government, the defendant challenged his plea on the ground that there was no adequate consideration for it. We held that the government's willingness to listen to the proffer and consider a reduced sentence fulfilled any consideration requirement.

■ *Brunetti* involved an agreement by the defendant with the government to plead guilty and has no applicability to

---

**2.** Appellant also seems to argue that the court's failure to explain the meaning of conspiracy and to explain that he could challenge the 1977 conviction even if he went to trial violated his right to due process, rendering his guilty plea invalid because it was not knowing or voluntary. This argument is based on the same facts as his Rule 11 claims, and we reject it for the same reasons—namely, that the meaning of conspiracy was adequately explained to appellant and that the government's statement about appellant's reservation of his challenge to the 1977 convictions simply pointed out that appellant did not waive the issue. In any event, as noted, the court informed appellant that upon pleading guilty he would be sentenced as if he had been convicted.

circumstances, as here, where the plea was entered without any agreement with the government. A defendant who unilaterally enters a plea is not entitled as a matter of right to withdraw it on the ground that the government promised nothing. Rather, the defendant must comply with Rule 11(d)(2)(B) (defendant may withdraw plea before sentencing upon showing "a fair and just reason"). Contract law does not apply to pleas absent some colorable claim of a contract that induced the plea.

c) *Finality of Predicate Convictions*

Although appellant is not entitled to withdraw his guilty plea, resentencing is necessary because his 1977 convictions are not final within the meaning of 21 U.S.C. § 841(b). That section provides that if a person is convicted under it "after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." *Id.* § 841(b)(1)(A). "[A] prior conviction is final for purposes of recidivist sentencing when all avenues of direct appellate review have been exhausted." *United States v. Lovell,* 16 F.3d 494, 497 (2d Cir.1994).

As noted, the district court held that appellant's 1977 conviction was "final because the period for perfecting his direct appeal has passed." However, the avenues of direct appeal from appellant's 1977 convictions have not been exhausted. Appellant was convicted of two felony drug possession counts on August 23, 1977 and was sentenced to concurrent sentences for those crimes on October 17, 1977. Appellant filed timely notices of appeal, but never perfected the appeals. Nevertheless, they have not been dismissed and are still pending. In the Fourth Department, where these appeals were filed, an appellant has 60 days to perfect an appeal, after which time an appeal is subject to dismissal. New York R.App. Div. 4th Dept.

§§ 1000.2(b), 1000.12(a). The state can move to dismiss an appeal that remains unperfected after 60 days, and once such a motion is made,

[a]n order dismissing the appeal shall be entered, unless the appellant timely serves and files an affidavit demonstrating a reasonable excuse for the delay and an intent to perfect the appeal within a reasonable time. When an appellant has made the required showing, an order shall be entered dismissing the appeal unless the appellant perfects the appeal by a date certain and further providing that the appeal shall be dismissed without further order if appellant should fail to perfect on or before the date certain.

*Id.* § 1000.13(e). Under this rule, an avenue of direct appeal from appellant's 1977 convictions remains open to him. Were the state ever to move to dismiss the appeals, appellant could seek to show a reasonable excuse for the delay; if that excuse were accepted by the court, appellant would then be permitted to perfect his appeals and have them heard. It may also be that, absent a motion to dismiss by the state, appellant could perfect his appeals at any time. *See, e.g., People v. Kimmons,* 227 A.D.2d 984, 643 N.Y.S.2d 449 (4th Dep't 1996) (considering appeal that was not perfected until approximately eight years after filing).

Because an avenue of appeal remains open to appellant, his 1977 convictions are not final and cannot be the basis for a mandatory minimum life sentence under 21 U.S.C. § 841(b). *See United States v. Fermin,* No. 91–CR–634, 1993 WL 258677, at *2 (S.D.N.Y. July 2, 1993) (finding New York conviction not final under Section 841 because five year old appeal, though never perfected, was also never dismissed).

The government understandably views appellant's non-finality argument as a

187

quest for a legal windfall. However, finality is a statutory requirement and an issue clearly governed by New York law. Under the present circumstances, that law does not preclude the perfection of appellant's appeals. His 1977 convictions are, therefore, not final.

Appellant does not challenge the finality of his 1996 conviction, and we therefore vacate and remand for resentencing under the provision of Section 841(b) applicable to offenders with one previous felony conviction.[3]

## CONCLUSION

We vacate appellant's sentence on the ground that his 1977 convictions were not final within the meaning of 21 U.S.C. § 841. We remand to the district court for resentencing. Appellant's remaining claims are without merit.

---

**3.** In light of our holding that neither 1977 conviction is final, we need not reach appellant's argument that he was provided inadequate notice of which 1977 conviction the government intended to rely upon in arguing that a statutory minimum life sentence applied.