**UNITED STATES of America, Appellee,**

v.

**Funmilayo Eunice JIBADE, aka "Eunice Pius," aka "Rosemary Adelusi," Defendant,**

**Kouma Adissou, Defendant–Appellant.**

No. 08–1746–cr.

United States Court of Appeals, Second Circuit.

Jan. 7, 2009.

Richard E. Signorelli, New York, NY, for Appellant.

Daniel A. Spector, Assistant United States Attorney, (Susan Corkery, Assistant United States Attorney, on the brief) for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. REENA RAGGI, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant Kouma Adissou appeals his conviction for conspiracy to commit tax fraud, *see* 18 U.S.C. § 286, citing several purported deficiencies in his guilty plea proceedings.[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

### 1. *Deportation Consequences*

■ Adissou argues that his plea was not knowing and voluntary because the court provided inaccurate and misleading information about the immigration consequences of his guilty plea, specifically stating that defendant faced possible deportation when, in fact, deportation was mandatory. *See Zhang v. United States,* 506 F.3d 162, 167 (2d Cir.2007) (noting that "deportation of aggravated felons is now automatic and non-discretionary").

Under Fed.R.Crim.P. 11, the district court is required "to tell the defendant of the possible direct consequences of a guilty plea, such as the maximum prison term, the maximum fine, and the effect of possible supervised release," but the "court need not ... inform a defendant about the 'collateral' consequences of a guilty plea." *Id.* at 167. "[W]e have not decided whether 'automatic' deportation is a collateral consequence of a guilty plea that need not be mentioned or a direct consequence that require[s] discussion during the plea proceeding." *Id.* We need not decide that issue here because, as in *Zhang,* "the court did address deportation at the plea hearing." *Id.* (internal quotation marks omit-

---

1. We note at the outset that although Adissou's plea agreement contained an appellate waiver, and that waiver was explained to him during the plea processes, *see* Oct. 3, 2007 Plea Tr. at 12, we have held that, despite such a waiver, "a defendant retains the right to contend that there were errors in the proceed-ings that led to the acceptance of his plea of guilty." *United States v. Adams,* 448 F.3d 492, 497 (2d Cir.2006) (internal quotation marks omitted). The government has not offered any argument as to why this rule does not apply here. Thus, we proceed to the merits.

ted). Thus, we proceed to consider the merits of the Rule 11 claim, which concern the accuracy of the district court's statements and their effect on the plea process.

Adissou "did not object to the Rule 11 violation, and we therefore review it for plain error under Fed.R.Crim.P. 52(b)." *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005). "Appellant bears the burden of establishing such an error," and carrying that burden requires him to "establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.* (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 76, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). Adissou has not made the necessary showing.

Where a district court addresses the immigration consequences of a plea, "all that is required" is that the district court's statements "put [the defendant] on notice that his guilty plea ha[s] potential immigration consequences, and provide[ ] an opportunity to pursue those consequences more fully with his attorney or with an immigration specialist." *Id.* at 169. Under this standard, the district court's straightforward statement to Adissou that "you could as a result of pleading guilty to this accusation be removed or deported from the country" was not erroneous or misleading and, certainly, provided him with sufficient notice to pursue the matter further. Oct. 3, 2007 Plea Tr. at 8–9.

With respect to the district court's other statements about immigration consequences, even if we assume *arguendo* that the statements were misleading or inaccurate so as to violate Rule 11, Adissou would not be entitled to have his conviction vacated because he has failed to show a reasonable probability that he would not have pleaded guilty if not for the district court's statements. *Cf. United States v.*

*Dominguez Benitez,* 542 U.S. at 83, 124 S.Ct. 2333. The record does not indicate that Adissou was, as he contends, "extremely reluctant to plead guilty." Appellant's Br. at 22. In fact, the record strongly supports the opposite conclusion. When the district court declined to accept his plea on September 27, 2007, Adissou quickly returned to the district court to plead again. In addition, as noted below, during his sentencing proceeding five months later, the district court gave Adissou three opportunities to make an application to withdraw his plea, each of which Adissou declined. *See* Sentencing Tr. at 4–7. Thus, even considering Adissou's additional contentions regarding his business and family ties to the United States, Appellant's Br. at 22–23, we do not find that Adissou has made the necessary showing of prejudice here.

### 2. *Understanding Conspiracy*

■ Adissou next contends that the district court violated Fed.R.Crim.P. 11(b)(1)(G) by failing to "inform the defendant of, and determine that the defendant understands" the nature of the conspiracy element of the offense of conviction. As Adissou did not raise this claim before the district court, we again review only for plain error. *See United States v. Glen,* 418 F.3d 181, 183–84 (2d Cir.2005) (conducting plain error review where defendant claimed that district "court violated Rule 11 by not defining 'conspiracy'"); *see also* Fed.R.Civ.P. 11(h).

We will assume, without deciding, that in focusing on other aspects of an obviously difficult plea allocution, the district court failed to provide a full explanation of "conspiracy" during the plea proceeding, *see* Sept. 27, 2007 Plea Tr. at 7. *Compare United States v. Glen,* 418 F.3d at 184 ("A defendant charged with conspiracy 'should not be allowed to plead guilty unless he

understands, "at a minimum ... that such a charge requires proof of an agreement between two or more persons to commit an offense[,] ... knowledge of the existence of a conspiracy[,] and an intent to participate in the unlawful enterprise." ' " (quoting *United States v. Blackwell*, 199 F.3d 623, 625–26 (2d Cir.1999))), *and United States v. Andrades*, 169 F.3d 131, 135 (2d Cir.1999) (identifying Rule 11 violation where district court's effort to ensure that defendant understood conspiracy charge was limited to judge's "reading the charge and eliciting a 'yes, sir' from" defendant), *with United States v. Stevens*, 19 F.3d 93, 95 (2d Cir.1994) (holding that district court's explanation that conspiracy was an " 'unlawful agreement,' " "plainly satisfied [its] obligation to ensure that [the defendant] understood the nature of the charges to which he was pleading by explaining them in layman terms"). Adissou is nevertheless not entitled to relief on appeal because he has failed to argue that he would not have pleaded guilty had a more detailed explanation been given.[2] Indeed, such an argument would be factually difficult to advance in this case. After Adissou's counsel appeared to question the existence of the conspiracy in his sentencing memorandum to the court, at sentencing, the district court (1) confirmed at some length, with both Adissou and his counsel, that Adissou adhered to the position that some form of agreement to file false tax returns existed, and (2) gave Adissou three opportunities to make an application to withdraw his plea, each of which Adissou declined. *See* Sentencing Tr. at 4–7. As we have held in a related context, "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation,

there can be no reasonable probability that, but for the [Rule 11 violation], he would not have entered the plea, and the plain error standard is not met." *United States v. Vaval*, 404 F.3d at 152 (internal quotation marks omitted); *see also United States v. Dominguez Benitez*, 542 U.S. at 85, 124 S.Ct. 2333 (noting that statements made at sentencing hearing are relevant to plain error analysis).

### 3. *Sufficiency of the Plea*

■ Finally, Adissou argues that the district court erred in finding that a sufficient factual basis existed to support the agreement and *mens rea* elements of the crime of conviction as required by Fed. R.Crim.P. 11(b)(3). "We review for an abuse of discretion a district court's decision that a defendant's factual admissions support conviction on the charge to which he has pleaded guilty." *United States v. Adams*, 448 F.3d at 498. We identify no such abuse in this case.

Indeed, the record indicates that the district court took great care to ensure that a factual basis existed on the *mens rea* element, declining to accept a guilty plea until Adissou clearly admitted knowing that he was relying on false information to prepare tax returns. Oct. 3, 2007 Plea Tr. at 2–3. Although Adissou proceeded to indicate, as he had in the first plea proceeding, that he lacked the requisite guilty knowledge, *see id.* at 3 ("I am saying these are the information—I know later on—not at the time I was doing most of the tax—I know later on from the codefendant that they are not accurate."), after conferring with counsel Adissou ultimately reiterated that he "prepared some taxes with the information I believe was not accurate." *Id.* at 4. To ensure against

---

**2.** To the extent that Adissou has identified other alleged Rule 11 violations not discussed

here, *see* Appellant's Br. at 29–30, those claims fail for this reason as well.

any possible misunderstanding, the district court then asked:

> THE COURT: You knew at the time you were doing this preparation that the information was inaccurate; is that true or not?
>
> THE DEFENDANT: Yes, sir.

*Id.* When Adissou proceeded to qualify this statement by saying that he "*suspected* that at the time I got the information from the clients that information was not accurate but when I had it I filed the tax anyway," *id.* (emphasis added), the district court again confirmed that Adissou "had already figured … out on [his] own" that the information in the returns was false when he filed them. *Id.* at 5. On this record, we conclude that the district court acted well within its discretion in finding that there existed a factual basis to support the *mens rea* element. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir.2001).[3]

Further, Adissou's description of how the false information was provided to him by his co-defendant, when coupled with his admission of guilty knowledge, allowed the court to infer at least a tacit agreement to commit fraud, which, in turn, was sufficient to establish the charged conspiracy. *See United States v. Huezo*, 546 F.3d 174, 180 (2d Cir.2008) (noting that "existence of a conspiracy and a given defendant's participation in it with the requisite knowledge and criminal intent may be established through circumstantial evidence" (internal quotation marks omitted)); *United States v. Santos*, 541 F.3d 63, 71 (2d Cir.2008) (noting that "the conspiratorial agreement itself may be established by proof of a tacit understanding among the participants, rather than by proof of an explicit agreement" (internal quotation marks omitted)).

We have considered Adissou's other arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

---

3. Of course, the fact that Adissou "suspected" that the information was false but proceeded to file the returns anyway could support his plea in any event, insofar as he remained "deliberately ignorant of the claim's falsity, fictitiousness, or fraudulence." *See United States v. Dedman*, 527 F.3d 577, 593 (6th Cir.2008).