08-3655-cr; 08-3657-cr
United States v. Polanco

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of February, two thousand ten.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
>> *Circuit Judges*,
> JED S. RAKOFF,
>> *District Judge*.[*]

_____

United States of America,

> *Appellee*,

> v.                                              Docket Nos.  08-3655-cr(L);
>                                                                      08-3657-cr(Con)

Giglifi Polanco, Jose Miguel Minaya, Lenny Santos, Giovana Taveras,

> *Defendants*,

Cesar Polanco,
> *Defendant-Appellant*.

_____

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:        MICHAEL K. BACHRACH (Chad Edgar, *on the brief*); New York, N.Y.

FOR APPELLEE:    WILLIAM J. HARRINGTON, of counsel to Preet Bharara, United States Attorney for the Southern District of New York (Anjan Sahni, Daniel A. Braun, *on the brief*), New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, J.).

**UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant-Appellant Cesar Polanco appeals from the district court's July 14, 2008 consolidated Judgment of Conviction entered following his pleas of guilty in two separate prosecutions for wire fraud—one involving stolen cars, the other involving the fraudulent use of debit cards—sentencing him to a 120-month prison term and to a 60-month prison term to be served concurrently. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

1.      **Withdrawal of Guilty Plea**

The defendant-appellant's first argument is that the district court (Pauley, J.) erred by not allowing him to withdraw his guilty plea to the wire fraud/stolen car conspiracy. The plea proceeding in this case was conducted solely by Judge Pauley. We review the district court's denial of a motion to withdraw a guilty plea under an abuse of discretion standard. *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009). A defendant must "show a fair

2

and just reason for requesting the withdrawal" of his guilty plea, *id.* at 157 (quoting Fed. R. Crim. P. 11(d)(2)(B)), as withdrawing a guilty plea is not an "absolute right," *United States v. Williams*, 23 F.3d 629, 634 (2d Cir. 1994). The appellant bases this part of his appeal on a claim of an ineffective assistance of counsel due to his counsel's alleged pressuring of him to plead guilty, thus nullifying the requirement that a plea be knowing and voluntary. *See* Fed. R. Crim. P. 11(b)(2).

A party arguing ineffective assistance of counsel faces a heavy burden under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The appellant must show "that counsel's performance was so unreasonable . . . that 'counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' and [] that counsel's ineffectiveness prejudiced the defendant such that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004) (quoting *Strickland*, 466 U.S. at 687, 694) (internal citation omitted). In its ruling from the bench, the district court determined that Polanco failed to offer any objective evidence that would undermine his clearly articulated voluntary plea before the same court.

The district court did not abuse its discretion in denying Polanco's motion. Although appellant argues for a limited remand to develop the record on this issue, he fails to offer any type of objective evidence that a remand might uncover of his deteriorated relationship with his attorney. At his plea hearing the appellant was under oath and attested that his plea was knowing and voluntary, that he had spoken with his attorney about his case and the

3

consequences of entering a plea, that he was satisfied with his attorney's performance, and that no one had threatened him or forced him to enter his plea of guilty. The district court determined nothing was amiss about his demeanor at the time. Polanco has offered nothing other than his own contradictory statements to support his argument, and those are not enough. *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." (internal quotation marks omitted)). We therefore affirm the district court's denial of Polanco's motion to withdraw his guilty plea.

### 2.    Rule 11 Claim

Polanco next argues that the district court (Owen, J.) during the April 2007 plea hearing violated Rule 11 in not adequately explaining the nature of the conspiracy to commit wire fraud charged in the debit card conspiracy. Judge Owen conducted the initial plea proceeding in connection with this case, but the case was transferred to Judge Pauley prior to sentencing. We review the appellant's Rule 11 claim for plain error because the argument was not made below. A plain error is one that is both plain and affects substantial rights. *United States v. Garcia*, 587 F.3d 509, 515 (2d Cir. 2009). "In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id.* (internal quotation marks omitted). Rule 11(b)(1)(G) requires the district court, in accepting a guilty plea, to ensure that the defendant understand "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P.

11(b)(1)(G). To demonstrate plain error Polanco argues that the transcript of the plea hearing shows a lack of an explanation of the elements of wire fraud by either the judge or the government.

In *United States v. Blackwell*, 199 F.3d 623, 626 (2d Cir. 1999), we stated that a court need not follow a particular formula in ensuring the defendant understands the charges against him. The court can describe "the elements of the offense in [its] own words" or read the indictment aloud with the elements included. *Id.* Or, "if defendant's recitation of his own conduct insufficiently supports the relevant charge, then Rule 11(c)(1) nonetheless is satisfied where the charging instrument plainly describes the offense and defendant acknowledges that he read, understood, and discussed with his attorney that legal document." *Id.* (internal quotation marks omitted).[**]

In the transcript of appellant's April 2007 plea hearing, there is sufficient evidence that the court adequately explained the nature of the charge in satisfaction of its obligations under Rule 11. After the appellant waived the reading of the indictment, the district court identified the charge of one count of conspiracy to commit wire fraud, and then further questioned Polanco to ascertain that his plea was voluntary. In an exchange between Polanco and the district court, all of the elements of the indictment, including the conspiracy, were described in plain language by both the court and the appellant. To the

---

[**] In 2002, Rule 11 was reorganized and what was Rule 11(c) for the *Blackwell* decision is now encompassed in the current Rule 11(b). *See* Fed. R. Crim. P. 11 Advisory Committee Note (2002); Report of the Advisory Committee on Criminal Rules, at 40-41(May 10, 2001).

extent there may have been error, it is doubtful that it was plain; but it was, in any event, harmless, *see* Fed. R. Crim. P. 11(h) ("A variance from the requirement of this rule is harmless error if it does not affect substantial rights."); Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

We have considered all of Polanco's contentions on this appeal and have found them to be without merit. The judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk