13-3399-cr
*United States v. Baltes*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand fifteen.

PRESENT:    PIERRE N. LEVAL
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges*,
            RICHARD K. EATON,[*]
                        *Judge.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

            v.                                          No. 13-3399-cr

GEORGE W. BALTES,

            *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:  ANDREW H. FREIFELD, Law Office of Andrew Freifeld,
                          New York, NY.

FOR APPELLEE:             NICOLAS COMMANDEUR, Assistant United States Attorney
                          (Steven D. Clymer, Assistant United States Attorney, *on*

---

[*] The Honorable Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

the brief), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

---

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Pursuant to a third superseding indictment filed on March 13, 2013, with the United States District Court for the Northern District of New York, Baltes was charged with violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 for conspiring with others, "known and unknown . . . to knowingly and intentionally possess with intent to distribute . . . five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine." Jt. App'x 22. On April 23, 2013, with no plea agreement, Baltes pled guilty to the charge in the indictment. The count to which Baltes pled guilty carried with it a mandatory minimum sentence of 120 months imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). The district court (D'Agostino, *J.*) sentenced Baltes to a term of 121 months, and Baltes filed a timely notice of appeal. Baltes now argues that his guilty plea was not voluntary, knowing, and intelligent and thus violated the Due Process Clause because the district court accepted it without complying with Federal Rules of Criminal Procedure 11(b)(1)(G) and 11(b)(3). We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

Baltes concedes that because he did not argue below that the district court failed to properly determine that he understood the nature of the charges against him, his Rule 11(b)(1)(G) challenge is reviewable only for plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). Under the plain error standard, this Court may "correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court

2

proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted).

Rule 11(b)(1) states:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: . . . (G) the nature of each charge to which the defendant is pleading.

Here, the district court did not commit plain error under Rule 11(b)(1)(G). The charge in the indictment, which specified each element of the crime (including the allegations that Baltes conspired with others and that the amount of cocaine involved was at least five kilograms), was read aloud to Baltes. Baltes personally confirmed that he himself had read the indictment and discussed it with his attorney, and understood the charges. *See Frederick v. Warden, Lewisburg Correctional Facility*, 308 F.3d 192, 197 (2d Cir. 2002) ("[S]ufficient notice is provided when the district court explains the charge by reading the indictment to the defendant where the pertinent count spells out the elements of the offense and the circumstances indicate that this will be sufficient.") (interpreting the requirement that the court "determine that the defendant understands . . . the nature of the charge" formerly contained in Rule 11(c)(1) and now codified in Rule 11(b)(1)(G)) (internal quotation marks omitted); *United States v. Glen*, 418 F.3d 181, 184 (2d Cir. 2005) ("[R]eading the indictment [can] provide sufficient notice of the meaning of conspiracy" in order to satisfy Rule 11(b)(1)(G)). Further, after the court addressed Baltes personally in order to confirm that Baltes understood the nature of the charges against him, Baltes' attorney confirmed that Baltes understood. It is by no means "clear or obvious" that these exchanges, including Baltes' attorney's response, provided an inadequate basis on which to evaluate whether Baltes understood the nature of the charges against him.

3

Contrary to Baltes' assertions, we also review his unpreserved claim that the district court violated Rule 11(b)(3) for plain error. *United States v. Garcia*, 587 F.3d 509, 514-15 (2d Cir. 2009). Baltes urges us to draw a distinction between claims alleging that the district court violated Rule 11(b)(3) and claims alleging that the court violated Rule 11(b)(1) because Rule 11(b)(3) errors only occur after the court enters judgment. *See* Fed. R. Crim. P. 11(b)(3) ("*Before entering judgment* on a guilty plea, the court must determine that there is a factual basis for the plea.") (emphasis added). However, *United States v. Vonn*, 535 U.S. 55 (2002), which held that plain error review applies to unpreserved claims that the district court violated Rule 11, "governs *all* Rule 11 appeals." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013) (emphasis in original). Baltes could have objected to the factual basis for his plea at any time and could have moved to withdraw his guilty plea before judgment. Instead, he waited until appeal to challenge the factual basis for his plea. "It is precisely this type of sandbagging that the heightened standard of plain error review is well-served to prevent." *United States v. Arenal*, 500 F.3d 634, 639 (7th Cir. 2007).

In order to satisfy the requirements of Rule 11(b)(3), "[t]he court need[] not evaluate evidence but must assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Andrades*, 169 F.3d 131, 136 (2d Cir. 1999) (internal quotation marks omitted). "The court may rely on defendant's own admissions, information from the government, or other information appropriate to the specific case." *Id.* Here, Baltes argues that, beyond his statement of "guilty" upon the reading of the indictment, there were no additional facts in the record at the time of his plea establishing that the amount of drugs involved was greater than five kilograms. We disagree. The record before the district court included a memorandum of law filed by the Government which described facts that Baltes admitted to in his post-arrest statement. It

4

explained that Baltes admitted that he had been picking up cocaine from New York City "approximately every other week" since "approximately April 2009," that he had purchased "500 grams of cocaine every two weeks for the last two months" and that "[p]rior to that," he had "obtained somewhere between 200 and 350 grams of cocaine per trip to New York City." Gov't App'x 10. During Baltes' plea hearing, Baltes' attorney confirmed that Baltes had no issues with the Government's statement of the facts that it would prove at trial insofar as the Government explained that it would show that Baltes purchased cocaine in New York City and transported it to Plattsburgh for distribution from "in or about April 2009" until June 10, 2011. Jt. App'x 131-34. Based on "defendant's own admissions" and the "information from the government" that was in the record at the time the district court entered the judgment, the district court did not commit plain error in determining that there was a factual basis for Baltes' guilty plea. *Andrades*, 169 F.3d at 136.

We have reviewed Baltes' remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5