*U.S. v. McCutcheon*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:
>    ROBERT D. SACK,
>    REENA RAGGI,
>    SUSAN L. CARNEY,
>            *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

>            *Appellee,*

>            v.                                                    No. 17-3988

ANTHONY MCCUTCHEON,

>            *Defendant-Appellant,*

TROY COOLEY, MORRELL BUSTER, ANDRE OWENS, CARMELLA RIVERA, DEANDRE SPARKS, WILLIAM JEFFERSON, MARKIEL HALL, ALICIA MAGHETT,

>            *Defendants.*

———————————————————————————

FOR APPELLANT:                                    VIDA M. ALVY, Esq., New York, NY.

FOR APPELLEE:                                     TIFFANY H. LEE, Assistant United States
                                                  Attorney, *for* James P. Kennedy, Jr., United
                                                  States Attorney for the Western District of
                                                  New York, Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on December 11, 2017, is **AFFIRMED**.

Anthony McCutcheon appeals from a judgment of conviction entered following his guilty plea to conspiracy to possess with intent to distribute, and to distribute, 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841, 846; and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

McCutcheon argues that his guilty plea failed to comport with Federal Rule of Criminal Procedure 11 and, as a result, his plea was not knowing and voluntary. He asserts as well that the District Court abused its discretion in denying his motion to withdraw his guilty plea, made before sentencing but several months after his guilty plea was entered. Finally, in a pro se submission, McCutcheon challenges the denials of his motion to suppress evidence and to conduct a *Franks* hearing. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

A. **Rule 11(b) Arguments**

McCutcheon asserts that the District Court violated Rule 11 by failing to comply with Fed. R. Crim. P. 11(b)(1)(B), (b)(1)(G), (b)(2), and (b)(3). Because McCutcheon did not contemporaneously object to the Rule 11(b)(1)(B)–(b)(1)(G), and (b)(3) errors, we review these challenges for plain error only. *See United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018). Under that standard, McCutcheon must show that "(1) there was error, (2) the error

was plain, and (3) the error prejudicially affected his substantial rights; if such error is demonstrated, we will reverse, still, only when (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). The third, "substantial rights," prong requires a defendant to show "a reasonable probability that, but for the error, he would not have entered the plea." *Id*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).[1]

**1)** Rule 11(b)(1)(B) requires the District Court to inform the defendant of, and ensure that the defendant understands "the right to plead not guilty, or having already so pleaded, to persist in that plea." Before taking McCutcheon's plea, the court explained: "Count 1, you have a choice of pleading guilty or not guilty, Mr. McCutcheon, what is your plea? . . . And with respect to Count 3, you can plead guilty or not guilty. What is your plea?" App'x 297, 298. The District Court's failure to track precisely the statutory language does not amount to Rule 11 error in this case. In any event, "[h]aving already entered a plea of not guilty [McCutcheon] obviously understood that right." *United States v. Pattee*, 820 F.3d 496, 506 (2d Cir. 2016).

**2)** Rule 11(b)(1)(G) requires that, "[b]efore the court accepts a plea of guilty[,] . . . the court must address the defendant personally in open court" and "must inform the defendant of, and determine that the defendants understands . . . the nature of each charge to which the defendant is pleading." The rule's strictures may not be satisfied "merely by making a general mention of information set forth in a written plea agreement." *Lloyd*, 901 F.3d at 120.

---

[1] McCutcheon preserved his Rule 11(b)(2) challenge by moving to withdraw his plea in part on the ground that he was coerced into pleading guilty. Thus, we review that challenge for harmless error. *See United States v. Gonzales*, 884 F.3d 457, 461 (2d Cir. 2018). An error is harmless if it does not affect a defendant's "substantial rights." Fed. R. Crim. P. 11(h). As in plain error review, a "substantial right" is affected where a reasonable probability exists that "but for the error, the defendant would not have entered the plea." *Gonzales*, 884 F.3d at 461 (internal alterations omitted). In the context of harmless error review, the government—rather than the defendant—"bears the burden of showing harmlessness." *Id.*

McCutcheon's plea colloquy suffered from deficiencies similar to those we identified in *Lloyd*, 901 F.3d at 120–21, and have found elsewhere, *see, e.g.*, *United States v. Blackwell*, 199 F.3d 623, 626 (2d Cir. 1999). The District Court neither read aloud the indictment nor explained the elements of each count charged to McCutcheon. Instead, it generally directed McCutcheon's attention to the plea agreement. Although the plea agreement did spell out the charges and their elements, this sort of "incorporation by reference" approach to plea hearings does not satisfy Rule 11(b)(1)(G). The district judge recited the charges but, as he acknowledged, he did so only in "summary fashion," without articulating or elaborating on the elements of each offense. App'x 279. Compounding this shortcoming, the judge did not ask McCutcheon to describe in his own words what he did that made him guilty of the two charges to confirm his understanding of the charges' "nature." Without reading the indictment, explaining the elements, or asking McCutcheon to allocute to the elements of each offense, the District Court could not be certain that McCutcheon understood the charges.

Nevertheless, on plain error review, we cannot conclude that vacatur is warranted. McCutcheon has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *Torrellas*, 455 F.3d at 103 (internal quotation marks omitted). To satisfy this prong of plain error, McCutcheon bears a "heavy burden," *Lloyd*, 901 F.3d at 120, and for at least three reasons, he has not carried that burden. First, the strength of the government's case against McCutcheon suggests that he would have pleaded guilty irrespective of any Rule 11 error. Had he gone to trial, the jury likely would have heard wiretaps of McCutcheon's phone conversations in which he and other co-defendants discussed the distribution of crack cocaine. Jurors would also have learned that a warranted search of McCutcheon's home uncovered drugs, drug paraphernalia, and a firearm. Second, under the plea agreement, the government agreed to withdraw a § 851 Information that increased the applicable mandatory minimum prison sentence from five years to ten. McCutcheon thus stood to gain significantly from pleading guilty. Finally, the record does not suggest that McCutcheon was in fact confused about the nature of the crimes to which he pleaded guilty. Accordingly, although the District Court erred by failing to take steps to

4

ensure that McCutcheon understood the nature of the charges against him, we cannot conclude that the error prejudiced him.

**3)** Rule 11(b)(2) requires the District Court to "determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." McCutcheon argues that the District Court ran afoul of this requirement by "fail[ing] to address the defendant in open court regarding his motion for new counsel." Appellant's Br. 45. The argument fails because McCutcheon twice confirmed to the district judge, under oath, that he was pleading guilty of his own volition; he affirmed that he was then satisfied with his legal representation; and he specifically acknowledged that Mr. Spitler, a second lawyer appointed by the court to assist McCutcheon, "helped out" as McCutcheon deliberated whether to plead guilty. App'x 276.

**4)** Rule 11(b)(3) requires that the District Court, before entering judgment, "determine that there is a factual basis for the plea." This rule is "designed to 'protect a defendant who is . . . pleading voluntarily . . . without realizing that his conduct does not actually fall within the charge.'" *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (quoting *McCarthy v. United States*, 394 U.S. 459, 467 (1969)). To comply with Rule 11(b)(3), the "district court must simply satisfy itself that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Robinson*, 799 F.3d 196, 199 (2d Cir. 2015) (internal quotation marks omitted). The court may identify the factual basis for the plea anywhere in the record, including in "the presentence report or whatever means is appropriate in a specific case." *Smith*, 160 F.3d at 121 (internal quotation marks and alterations omitted).

McCutcheon argues that the District Court failed to comply with Rule 11(b)(3) because it did not elicit directly from McCutcheon a statement of a factual basis for the plea. Such a procedure is certainly ideal, and as already observed, the District Court's failure to follow it here compounds its Rule 11(b)(1)(G) error. Nevertheless, we have never held that Rule 11 requires district courts to direct defendants to explain in their own words the factual basis for their guilty plea. *See United States v. Torrellas*, 455 F.3d 96, 102 (2d Cir. 2006) (observing that Rule 11 "imposes strict requirements on what information the district courts

5

must convey and determine before they accept a plea, [but] it does not tell them precisely *how* to perform this important task in the great variety of cases that come before them" (internal alterations and quotation marks omitted) (emphasis in original)).

McCutcheon's plea agreement laid out in four paragraphs facts establishing each element of the two relevant counts. McCutcheon signed this agreement and, at the plea hearing, he affirmed the accuracy of the facts contained therein supporting those elements. Moreover, McCutcheon's presentence report sets forth both the relevant facts, and McCutcheon's acknowledgment of the accuracy of those facts and acceptance of responsibility for the related crimes during his presentence interview. *See Lloyd*, 901 F.3d at 115 (identifying no Rule 11(b)(3) violation where the defendant "acknowledged the accuracy of the facts as set forth in his written plea agreement" and where the district court adopted the PSR, which set out the relevant facts). McCutcheon has thus failed to establish any Rule 11(b)(3) error.

In sum, McCutcheon fails to show that any Rule 11 error warrants vacatur.

### B. Motion to Withdraw Plea

Approximately three months after pleading guilty, McCutcheon moved to withdraw his guilty plea. He urged that his plea was not knowing and voluntary because (1) he erroneously believed he would not be afforded counsel at trial; (2) the AUSA pressured him into pleading; and (3) he is not guilty of the charges. Contrary to McCutcheon's contentions, the District Court did not abuse its discretion by denying McCutcheon's motion.

A defendant may withdraw his plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). To determine whether the defendant has presented a "fair and just reason," a district court "should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). Where a defendant disputes the voluntariness of his guilty plea, he "must raise a significant question about the voluntariness of the original plea" to support withdrawal. *Id.* at

6

211. We review a district court's denial of a motion to withdraw a plea for abuse of discretion. *Id.*

The record amply supports the District Court's decision to deny withdrawal. A substantial amount of time—roughly three months—had elapsed between the plea and the motion. As we have commented, "the longer the elapsed time, the less likely withdrawal would be fair and just." *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004); *see also United States v. Whalen*, 101 F.3d 1393 (2d Cir. 1996) (unpublished) (finding no abuse of discretion in court's denial of motion to withdraw guilty plea where *inter alia* three months elapsed between defendant's plea and motion). Further, the District Court reasonably concluded that the record undermined McCutcheon's claim of actual innocence: McCutcheon had already averred that the facts set forth in the plea agreement were true; he again stipulated and acknowledged the factual basis for his plea during his pre-sentence interview with a probation officer; and, as the District Court was aware, the government had marshaled significant evidence against McCutcheon.

The District Court also reasonably rejected McCutcheon's belated assertions that he erroneously believed he would not be afforded counsel at trial and that the AUSA pressured him into pleading guilty. At the plea colloquy, the District Court provided McCutcheon with a *second* counsel with whom to consult, hardly an action that would lead a defendant to think he would be without counsel. Further, the court described a scenario that, should McCutcheon decide to proceed to trial, plainly contemplated representation. McCutcheon was told his trial counsel could "question witnesses, challenge the evidence, put on a defense, subpoena witnesses for you, cross-examine witnesses." App'x 283. The District Court also repeatedly took steps to ensure that McCutcheon had sufficient time to reflect on his decision before entering a guilty plea. Thus, the judge twice urged McCutcheon to "take whatever time" he needs. App'x 260. He assured McCutcheon that he would postpone the hearing if McCutcheon was not ready to enter a plea. McCutcheon therefore has failed to substantiate his request to withdraw his plea with a "fair and just reason." Fed. R. Crim. P. 11(d)(2)(B).

**C. Other Arguments**

Because McCutcheon has not presented any Rule 11 challenge that warrants vacatur, we treat as waived his challenges to the District Court's orders regarding his motion to suppress and his request for a *Franks* hearing. *United States v. Lasaga*, 328 F.3d 61, 63 (2d Cir. 2003) ("A defendant who pleads guilty unconditionally admits all elements of the formal charge and, in the absence of court-approved reservation of issues for appeal, waives all challenges to prosecution except those going to the court's jurisdiction."). In any event, we conclude that no hearing was warranted and that suppression was correctly denied because, at the time of the challenged search (in 2013), the Supreme Court had not yet decided *Riley v. California*, 573 U.S. 373 (2014). Before *Riley* was decided, the officers could reasonably rely on *United States v. Robinson*, 414 U.S. 218 (1973), to support the search. *See United States v. Aguiar*, 737 F.3d 251, 259 (2d Cir. 2013); *United States v. Leon*, 468 U.S. 897, 921–23 (1984).

\* \* \*

We have considered McCutcheon's remaining arguments and conclude that they are without merit.  The District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8