**UNITED STATES of America,**
**Appellee,**

v.

**Gino BRUNETTI, Defendant–**
**Appellant.**

**Docket Nos. 03–1062(L), 03–1506(CON).**

United States Court of Appeals,
Second Circuit.

Argued: July 16, 2004.

Decided: July 22, 2004.

Joshua A. Levine, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Celeste L. Koeleveld, Assistant United States Attorney, on the brief), for Appellee.

Lawrence K. Feitell, New York, NY, for Defendant–Appellant.

Before: CALABRESI and SOTOMAYOR, Circuit Judges, and COTE, District Judge.*

PER CURIAM.

On August 22, 2001, Gino Brunetti (a/k/a Herbert Alberto Cruz, Heberth Alberto Cruz Ruiz, and Rodrigo Reyes Gomez), an American citizen, was arrested in Mexico by the Mexican army and transferred to the United States in connection with a Drug Enforcement Agency ("DEA") investigation. Brunetti was indicted on May 22, 2002, for the following crimes: conspiracy to possess, and to possess with intent to distribute, five or more kilograms of cocaine in violation of 21 U.S.C. §§ 841, 846; distributing, and possessing with intent to distribute, fifty or more kilograms of cocaine in violation of 21 U.S.C. § 841; and aiding and abetting the same, in violation of 18 U.S.C. § 2. On May 9, 2002, the government, pursuant to 21 U.S.C. § 851, filed Prior Felony Informations for Brunetti's two prior narcotics convictions. That filing triggered a mandatory minimum life sentence.

After the government had filed the Prior Felony Information, Brunetti sought to schedule a proffer session with the government. He hoped to enter into a cooperation agreement and in that way to receive a reduced sentence. The government, however, refused Brunetti's request for a pre-plea proffer session, and instead, conditioned any proffer session with Brunetti on the entry of a guilty plea by him. After a period of negotiation, during which the government explicitly noted that a proffer session did not guarantee a subsequent cooperation agreement or a reduced sentence, Brunetti agreed to plead guilty in exchange for a post-plea proffer session. And that is exactly what occurred. After the district court (Schwartz, J.) accepted Brunetti's guilty plea on May 30, 2002, Brunetti received two proffer sessions (June 11, 2002 and November 18, 2002), totaling six hours, in which he discussed his somewhat vague knowledge of several Mexican drug-smuggling operations. Subsequently, the government requested no further proffer sessions and offered no cooperation agreement.

Faced with the fact that his proffer strategy had not turned out as he had hoped, Brunetti asked the district court (Keenan, J.) [1] to reduce his sentence. He argued that the government had refused in bad faith to move for a downward departure. But on August 11, 2003, the district court determined that "the government was operating in very good faith," and that there was "no evidence that the government has done anything wrong [or] unconstitutional" in declining to offer a cooperation agreement or to file for a downward departure. Accordingly, the district court sentenced Brunetti to two concurrent terms of life imprisonment, one additional concurrent term of 120 months imprison-

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

1. The Honorable Allen G. Schwartz initially presided over Brunetti's case, and presided while Brunetti entered his guilty plea. After Judge Schwartz's death, Brunetti's case was transferred for post-plea proceedings (including sentencing) to the Honorable John F. Keenan.

ment followed by ten years of supervised release, and a $25,000 fine.

Brunetti now challenges the validity of his guilty plea. He argues that he should be allowed to withdraw his plea for two reasons: (1) the plea was coerced by the government's refusal to offer a pre-plea proffer session, and (2) as a matter of contract law, the plea was invalid for lack of consideration. We find both claims unavailing.

 Brunetti first argues that "the power of the government in this case to exact a guilty plea as the price for hearing his evidence is an improper use of power and corrupts the administration of justice." Specifically, he contends that prosecutors should not be permitted to condition the availability of a proffer session on the entry of a guilty plea and the waiver of a jury trial. Though our Circuit has not ruled directly on the question, the Supreme Court has validated pleas entered in the shadow of equally coercive choices. *See Corbitt v. New Jersey,* 439 U.S. 212, 218–20, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978) (affirming the validity of guilty pleas entered to avoid a mandatory minimum sentence of life imprisonment because "a State may encourage a guilty plea by offering substantial benefits in return for the plea," including "the possibility or certainty not only of a lesser penalty than the sentence that could be imposed after a trial and a verdict of guilty, but also of a lesser penalty than that required to be imposed after a guilty verdict by a jury")(internal citation and punctuation omitted) (emphasis omitted). In *Corbitt,* the Court upheld a sentencing scheme that required a guilty plea in exchange for the availability of a sentence lower than life imprisonment, because that choice was not

so coercive as to invalidate Corbitt's waiver of the right to a jury trial.[2] Brunetti's situation is analogous, and his waiver is valid.

 Brunetti's second argument fails for related reasons. He seeks to withdraw his plea because "the government's proposal offered nothing of value," which to his mind makes the plea an invalid and unenforceable contract. He is, of course, correct that we examine plea bargains using principles of contract law, *see United States v. Salcido–Contreras,* 990 F.2d 51, 52 (2d Cir.1993) (per curiam), and that contracts are not valid unless supported by consideration, *see Fox v. Reich & Tang, Inc.,* 692 F.2d 250, 260 (2d Cir.1982). Accordingly, we agree with the First Circuit, *see United States v. Parrilla–Tirado,* 22 F.3d 368, 371 (1st Cir.1994), that a guilty plea can be challenged for contractual invalidity, including invalidity based on a lack of consideration. *See United States v. Ready,* 82 F.3d 551, 559 (2d Cir.1996) (internal citations and quotations omitted) (noting that plea bargains are interpreted using "the public policy constraints that bear upon the enforcement of other kinds of contracts").

Nevertheless, Brunetti's claim is unavailing, because his guilty plea *was* supported by consideration. Faced with a mandatory term of life imprisonment, Brunetti decided to trade a guilty plea for a *chance* at a reduced sentence. An element of risk was part of his bargain. The documents accompanying his plea agreement explicitly stated that a proffer session did not guarantee a cooperation agreement. Thus, at his plea colloquy, his counsel noted that "in consideration later on for discuss[ions] with the government,

---

**2.** *Cf. United States v. Jackson,* 390 U.S. 570, 581–83, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) (invalidating similar sentencing scheme that

required defendants to plead guilty in order to avoid a possible death sentence).

[Brunetti is] pleading guilty now and faces a life sentence." While those discussions did not in fact lead to a reduced sentence, such a sentence was not what Brunetti bargained for, and the *ex post* worthlessness of the consideration he received does not render nugatory the *ex ante* value of what Brunetti got.

Because Brunetti's plea agreement was neither impermissibly coerced nor contractually invalid, the district court's decision to accept the plea is AFFIRMED.