**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 6, 2007**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40516

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL EXINIA,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-83-1
--------------------

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Noel Exinia appeals his conviction for conspiracy to possess with intent to distribute more than 100 pounds of marijuana and more than 5 kilograms of cocaine. He alleges that the trial court erred by: granting his request for self-representation on the morning of the trial, accepting a plea of guilty while Exinia was supported only by standby counsel, denying a motion for continuance to obtain counsel, denying a motion to withdraw the guilty plea, and overruling certain objections to the presentence report. He also argues, for the first time in his reply brief, that the trial

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred by requiring him to wear a stun belt. As a preliminary matter, Exinia admits that he must overcome a provision of his plea agreement waiving his right to appeal. Because this waiver was effective, we dismiss the appeal.

Exinia contends that the waiver of his right to appeal pursuant to his plea agreement was ineffective for two reasons: first, because the judge did not correct an ambiguous explanation of his right to appeal an illegal sentence; and second, because he did not receive consideration in exchange for his agreement to plead guilty.

In support of his argument that there is an ambiguity, Exinia points to an exchange between his standby counsel and the prosecutor discussing Exinia's rights under the plea agreement. In clarifying the agreement, Exinia's standby counsel asked the court: "Judge, I would assume that would include the usual caveat that he would still be able to appeal any unlawful sentence imposed by the court. Is that right, Mr. Lewis?" Lewis, the prosecutor, responded: "Any unlawful or illegal sentence above the statutory maximum." The court added: "You have a right to appeal that, but that would be your only right to appeal." We find no ambiguity. The standby counsel asked the prosecutor whether Exinia could appeal an illegal sentence, and the prosecutor clarified that he could appeal an illegal sentence above the statutory maximum. Moreover, none of Exinia's substantive arguments on appeal contend that there has

been an illegal sentence.[2] The remedy for an ambiguity respecting the defendant's right to appeal is to construe that ambiguity in favor of the defendant, United States v. Harris, 434 F.3d 767, 770 (5th Cir. 2005), and doing so would not allow Exinia to pursue the issues appealed in this case.

Exinia also contends that the plea bargain was a contract, made unenforceable by a lack of consideration in exchange for the plea. General principles of contract law are often applied to criminal plea agreements. See United States v. Ready, 82 F.3d 551, 558-59 (2d Cir. 1996). We have considered similar issues raised in the past, but have not expressly held that consideration is required to support a valid plea bargain. See United States v. Smallwood, 920 F.2d 1231, 1239 (5th Cir. 1991); Smith v. Estelle, 562 F.2d 1006, 1008 (5th Cir. 1977). Even assuming that consideration is required, however, Exinia fails to show that it was illusory. The government here agreed to move for dismissal of one of the counts pending against Exinia, to refrain from prosecuting Exinia for other crimes known to the government and committed between 2003 and 2005, and to recommend a reduction in his sentence for acceptance of responsibility should he qualify.

Exinia argues that the dismissal of the other pending count did not, as a practical matter, affect his sentence. However, we

---

[2] "An illegal sentence is one not authorized or directed by law. Stated otherwise, an illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, fails to conform to the oral pronouncement of sentence, is ambiguous, or otherwise violates the constitution or the law." 21A AM. JUR. 2D Criminal Law § 823 (2007).

specifically rejected this argument in <u>Smith</u>, noting that defendants receive other benefits from a dismissal, such as improving the defendant's chances of parole. 562 F.2d at 1008. Exinia has not disputed that he was not prosecuted for other crimes committed between 2003 and 2005, as the plea agreement required. The government argues that numerous other crimes are known to it from this period, during which Exinia was involved in a drug trafficking and money laundering operation. While the government ultimately objected to a reduction for acceptance of responsibility, arguing that Exinia refused to meet with the probation department to discuss the case and contradicted his admissions at re-arraignment, the conditional promise to recommend a reduction in sentence constitutes consideration under general contract principles. <u>See</u> <u>United States v. Brunetti</u>, 376 F.3d 93, 95-96 (2d Cir. 2004) ("Faced with a mandatory term of life imprisonment, Brunetti decided to trade a guilty plea for a <u>chance</u> at a reduced sentence. An element of risk was part of his bargain.").

Because Exinia's plea agreement waiving the right to appeal was knowing, voluntary, and enforceable, any appeal in contravention of the waiver provision should be dismissed. <u>United States v. Baymon</u>, 312 F.3d 725, 729 (5th Cir. 2002). We therefore DISMISS THE APPEAL.