**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0201n.06
Filed: March 16, 2009

**No. 07-4193**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| DESHAWN HUNTER, | ) | |
| | ) | **O P I N I O N** |
| Defendant-Appellant. | ) | |

**BEFORE:** **KEITH, COLE, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** In this appeal, defendant DeShawn Hunter challenges the validity of his guilty plea made pursuant to a plea agreement. We **AFFIRM**.

**I**

On the afternoon of December 19, 2006, detectives of the Akron, Ohio, Police Department observed defendant's vehicle turn rapidly from one street to another without signaling. The vehicle sped down a residential street at about forty-five miles per hour, struck a parked car, and then veered into the foundation of a tattoo parlor. Defendant attempted to flee on foot, but the officers apprehended him and recovered a firearm.

On January 17, 2007, defendant, a convicted felon, was indicted for knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1). After the district court denied defendant's motion

to suppress the weapon, defendant entered into a plea agreement with the government. Under the agreement, defendant agreed to plead guilty to being a felon in possession of a firearm and to waive several of his appellate rights.[1] In exchange, the government stipulated to a base offense level of 24. It also agreed to recommend that the district court grant a full three-level reduction of the offense level for acceptance of responsibility under U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 3E1.1. Finally, the government agreed to recommend that the district court "impose a sentence within the range determined pursuant to the advisory Sentencing Guidelines."

On September 5, 2007, defendant appeared before the district court for sentencing. The district court determined that defendant had a base offense level of 24 and granted the government's motion for a full three-level reduction for acceptance of responsibility. The reduced total offense level of 21, and a criminal history category of VI, yielded an advisory Guidelines range of 77 to 96 months. The district court imposed a term of 77 months' imprisonment, to be served consecutively to defendant's state sentence for drug trafficking and to be followed by a three-year term of supervised release. Defendant timely appealed.

## II

### A. Ineffective Assistance of Counsel

Defendant first argues that he received ineffective assistance of counsel because his attorney allowed him to enter into a plea agreement that was not supported by adequate consideration. Ordinarily, we do not review ineffective assistance of counsel claims on direct review. *United States*

---

[1]The plea agreement preserved defendant's right to appeal on claims of ineffective assistance of counsel and prosecutorial misconduct.

*v. Brown*, 276 F.3d 211, 217 (6th Cir. 2002). "An exception exists, however, when the record is adequately developed to allow this court to assess the merits of the issue." *United States v. Hall*, 200 F.3d 962, 965 (6th Cir. 2000). Both the government and defendant argue, and we agree, that the record below is adequately developed and that defendant's ineffective assistance of counsel claim can be taken up on direct appeal.

"[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). To succeed on an ineffective assistance of counsel claim, a defendant must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 59; *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

Here, defendant argues that defense counsel's performance was deficient because his attorney allowed him to enter into a plea agreement in which he waived most appellate rights but received no concessions from the government. Indeed, because plea agreements are governed by general principles of contract law, "the law does not permit a criminal defendant to bargain away his constitutional rights without receiving in return . . . the benefit of his bargain." *United States v. Brummett*, 786 F.2d 720, 722 (6th Cir. 1986) (citing *Bercheny v. Johnson*, 633 F.2d 473, 476 (6th Cir. 1980)). Despite defendant's assertions to the contrary, however, the plea agreement at issue in this case was clearly supported by adequate consideration.

First, in exchange for defendant's guilty plea and waiver of most of his appellate rights, the government agreed to stipulate to a base offense level of 24. In doing so, the government agreed to forgo its right to seek a two-level enhancement of the offense level for reckless endangerment during flight. *See* U.S.S.G. § 3C1.2 ("If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."). The factual record indicates that this enhancement would have likely applied absent the plea agreement.

Second, the government agreed to recommend an additional one-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, which decreased the Guidelines range from 85-105 months to 77-96 months. A defendant may receive this extra one-level reduction—in addition to the two-level reduction awarded by course—only upon motion of the government, *United States v. Smith*, 429 F.3d 620, 627 (6th Cir. 2005), where the defendant has assisted authorities in a manner that permits "the government to avoid preparing for trial and permit[s] the government and the court to allocate their resources efficiently," U.S.S.G. § 3E1.1(b). As long as the government does not act arbitrarily or irrationally and is not motivated by race, religion, or other constitutionally impermissible motives, it has broad discretion in determining whether to move for this additional adjustment. *Smith*, 429 F.3d at 627-28; *see also United States v. Newson*, 515 F.3d 374, 378 (5th Cir. 2008) (holding that the defendant's refusal to waive his right to appeal was a proper basis for the government to decline to make a § 3E1.1(b) motion, "as it is rationally related to the purpose of the rule and is not based on an unconstitutional motive"). Moreover, several courts have held that a plea agreement in which the government recommends an extra one-level reduction under §

3E1.1(b) is supported by sufficient consideration. *See United States v. Wesley*, 13 F. App'x 257, 260 (6th Cir. 2001) (per curiam); *see also United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007); *United States v. Hernandez*, 134 F.3d 1435, 1437-38 (10th Cir. 1998).

Finally, the parties agreed to a within-Guidelines sentence: the government agreed not to "request a sentence higher than the advisory Sentencing Guideline range" and defendant agreed "not [to] request a sentence lower than the advisory Sentencing Guideline range." This also constituted sufficient consideration to support the plea agreement. *United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (holding that plea agreement was supported by consideration where defendant "decided to trade a guilty plea for a *chance* at a reduced sentence"); *see also Teeple v. United States*, 15 F. App'x 323, 327 (6th Cir. 2001) ("[W]hen the government agrees to recommend a certain sentence . . . the benefit to the defendant is that it presents a 'united front' to the court." (quoting *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001))).

Ultimately, defendant's mere dissatisfaction with the deal he struck does not rise to the level of ineffective assistance of counsel. *See Hunter*, 160 F.3d at 1115; *see also Brunetti*, 376 F.3d at 95. Because the plea agreement was supported by sufficient consideration, defendant's ineffective assistance of counsel claim is without merit. *United States v. Kolmiller*, No. 07-4056, 2008 WL 5411778, at *2 (3d Cir. Dec. 30, 2008) (holding that counsel was not ineffective because plea agreement was supported by consideration).

**B. Validity of Plea Agreement**

Defendant also argues that his plea agreement is not binding and must be set aside for lack of consideration. Because we conclude that the plea agreement was supported by adequate consideration, it is binding and enforceable.

### III

For the foregoing reasons, we **AFFIRM**.