GLD-075                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4143
_____

NOEL EXINIA,
                                        Appellant,

v.

UNITED STATES OF AMERICA;
RONNIE HOLT, WARDEN U.S.P. - CANAAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 11-cv-01756)
District Judge: Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before:   FUENTES, GREENAWAY, JR., and STAPLETON, Circuit Judges

(Opinion filed:  January 12, 2012)
_____

OPINION
_____

PER CURIAM

Noel Exinia, an inmate at the United States Penitentiary-Canaan, in Waymart, Pennsylvania, appeals the dismissal of his federal habeas corpus petition for lack of subject matter jurisdiction. For the following reasons, we will summarily affirm.

In July, 2005, Exinia was charged in the United States District Court for the Southern District of Texas with conspiracy to distribute more than 100 kilograms of marijuana and more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 and § 841 (Count One),[1] and possession with the intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two). Exinia chose to represent himself at trial. After four days of trial, he pleaded guilty to Count One in exchange for the dismissal of Count Two, a 2- level reduction for acceptance of responsibility, and an agreement by the Government not to prosecute him for other crimes he was known to have committed. As part of the agreement, Exinia waived his appellate rights, except that the waiver did not prevent him from challenging an illegal sentence. On March 28, 2006, Exinia was sentenced to a term of imprisonment of 600 months (50 years), to be followed by five years of supervised release.

Exinia filed a direct appeal, contending that the trial court erred in approving his request to represent himself, in accepting his guilty plea when he had only the assistance of standby counsel; in denying him additional time to retain alternate counsel; in denying his motion to withdraw his guilty plea; in overruling his objections to the presentence report; and in requiring him to wear a "stun belt." Exinia did not argue that

---

[1] The statutory maximum for a conviction involving 5 kilograms or more of cocaine is life imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii)(II).

his sentence was illegal.  With respect to the appellate waiver and whether it was knowing and voluntary, Exinia argued that the waiver was unenforceable because the trial judge did not correct an ambiguous explanation of his right to appeal an illegal sentence, and because he did not receive consideration in exchange for his plea.  On June 6, 2007, the Court of Appeals for the Fifth Circuit dismissed the appeal on the basis of the appellate waiver, which the court found to be knowing, voluntary, and enforceable. See United States v. Exinia, 236 Fed. Appx. 73, 2007 WL 1655310, at \*1 (5th Cir. 2007) (trial judge's explanation that only a sentence above the statutory maximum was illegal and could still be appealed despite the waiver was unambiguous).

In April, 2008, Exinia filed his first motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court.  He challenged his guilty plea and sentence, and claimed ineffective assistance of trial counsel and appellate counsel.  The section 2255 motion was denied in February, 2010.  Exinia filed a second section 2255 motion in a different division of the Southern District of Texas; it was dismissed.  In March, 2010, Exinia filed another section 2255 motion in the sentencing court.  It was dismissed as an unauthorized second or successive section 2255 motion.  On April 29, 2010, Exinia filed an application in the Fifth Circuit, seeking authorization to file a successive section 2255 motion.  It was denied.  In July, 2011, Exinia filed another application in the Fifth Circuit, seeking authorization to file another section 2255 motion.  He argued that his sentence exceeded the statutory maximum and thus the District Court did not have the constitutional power to impose it; and that the Government violated the plea agreement.  Again the Fifth Circuit denied the application, concluding that Exinia could not meet the gatekeeping

3

requirements of 28 U.S.C. § 2255(h).  The court also concluded that Exinia was not actually innocent of the offense, and that he had not shown that he was not eligible for the sentence he received.

At issue now, on September 21, 2011, Exinia filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, in which he challenged the legality of his 50-year sentence on the ground that it was based on a drug amount to which he did not plead guilty.  He argued that he was guilty of the drug amounts in Count 1, but he was sentenced based on the drug amounts in Count 2, a count which was dismissed pursuant to the plea.  Exinia challenged the jurisdiction of the sentencing court to impose the sentence, and he argued that he could resort to federal habeas corpus because he is actually innocent of the sentence, and because a section 2255 motion has proven to inadequate in his case.  Exinia attached to his petition numerous exhibits (but not his plea agreement), chronicling the history of his criminal and appellate proceedings.

The Magistrate Judge, giving preliminary consideration to the petition under habeas Rule 4, recommended that Exinia's habeas corpus petition be dismissed for lack of jurisdiction, because the section 2255 remedy is adequate for testing a claim that the quantity of drugs involved in Exinia's case was not submitted to the jury and proven beyond a reasonable doubt.  Exinia submitted Objections, arguing that section 2255 has a "savings clause" or "escape hatch," for persons who are actually innocent of their convictions or sentences.  In an order entered on November 2, 2011, the District Court

4

adopted the Report and Recommendation and dismissed the habeas corpus petition for lack of jurisdiction.

Exinia appeals. We have jurisdiction under 28 U.S.C. § 1291. United States v. Ceparo, 224 F.3d 256, 264-65 (3d Cir. 2000) (certificate of appealability not required to appeal from denial of section 2241 petition). Our Clerk advised the parties that we might act summarily under Third Cir. LAR 27.4 and I.O.P. 10.6 to dispose of the appeal. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Our review here is plenary. United States v. Thompson, 70 F.3d 279, 280-81 (3d Cir. 1995). Exinia was invited to submit argument in writing, and he has submitted an application for a certificate of appealability, which we have treated as his summary action response. In it, he argues that he is eligible for section 2255's savings clause pursuant to In re: Dorsainvil, 119 F. 3d 245, 251 (3d Cir. 1997).

We will summarily affirm because no substantial question is presented by this appeal. A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the exclusive means to collaterally challenge a federal conviction or sentence. See Davis v. United States, 417 U.S. 333, 343-44 (1974). Under the explicit terms of 28 U.S.C. § 2255, unless a section 2255 motion would be "inadequate or ineffective," even a habeas corpus petition cannot be entertained by a court. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971). Section 2255 is not inadequate or ineffective merely because the sentencing court denied relief, or because Exinia cannot meet the gatekeeping requirements of 28 U.S.C. §

5

2255(h) for filing a successive section 2255 motion.[2]  "It is the efficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002) (per curiam) (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

Exinia seeks to collaterally attack his 2006 sentence in a federal habeas corpus petition.  His claim of innocence amounts only to an assertion that his sentence was improperly calculated.  As explained by the District Court, the sentencing claim does not fall within the purview of the savings clause.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (Apprendi v. New Jersey, 530 U.S. 466 (2000), dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal).  In Dorsainvil, 119 F.3d at 251, we held that a petitioner could seek relief under 28 U.S.C. § 2241 in an unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, see id. at 252, and where he had no prior opportunity to present his claim.  Exinia does not allege that his controlled substances conduct is now regarded as non-criminal, and he had a prior opportunity to challenge the

---

[2] Section 2255 provides that:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

legality of his plea agreement, and specifically the appellate waiver and his claim of an illegal sentence. Accordingly, the District Court was without jurisdiction to entertain Exinia's federal habeas corpus petition.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Exinia's federal habeas corpus petition for lack of jurisdiction.