12-565-cr
*United States v. Sensi*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand thirteen.

PRESENT:

> JOHN M. WALKER,
> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
>
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                             No. 12-565-cr

EDGARDO SENSI,

*Defendant-Appellant.*

_____

ROBERT M. SPECTOR (Krishna Patel, *on the brief*), Assistant United States Attorneys, of Counsel *for* David B. Fein, United States Attorney, District of Connecticut, Hartford, CT, *for Appellee*.

ANDREW FREIFELD, Law Office Of Andrew Freifeld, New York, NY, *for Defendant-Appellant*.

Appeal from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the appeal from the judgment entered on February 2, 2012 is **DISMISSED** in part and the judgment is otherwise **AFFIRMED**.

Edgardo Sensi ("Sensi") pleaded guilty to conspiracy to produce child pornography in violation of 18 U.S.C. § 371; the production of child pornography, both in the United States and outside it, in violation of 18 U.S.C. § 2251(a) and (c)(3) respectively; and illicit sexual conduct in foreign places in violation of 18 U.S.C. § 2423(c). The district court sentenced Sensi to 85 years' imprisonment to be followed by a life term of supervised release. Sensi's conditional plea agreement reserved his right to appeal the district court's order dated June 9, 2010 denying his motion to suppress evidence seized pursuant to a warrant. Sensi contends that, because his plea agreement is void for lack of consideration, he may also challenge the judgment

of conviction and his sentence on other grounds, and despite his plea agreement promise not to appeal on any other issue. Sensi urges that the judgment of conviction should be vacated because the plea agreement is void and that, in any event, his sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

**1. Motion to Suppress**

Sensi asserts that the district court erred in concluding that the officers' seizure and subsequent search of a locked black duffle bag found in Sensi's master bedroom closet was lawful pursuant to a Florida state search warrant for the search of Sensi's home. We review a "district court's ruling on a suppression motion . . . *de novo* as to questions of law." *United States v. Voustianiouk*, 685 F.3d 206, 210 (2d Cir. 2012). "The scope of a search pursuant to a valid warrant is defined by the warrant's description of the premises and the objects of the search, and by the places in which the officers have probable cause to believe those objects may be found." *United States v. Kyles*, 40 F.3d 519, 523 (2d Cir. 1994).

Here, the search warrant, in pertinent part, authorized the officers to search for and seize "[i]mages, movies of visual depictions of sexual conduct or sexual

3

performance by a child or children," as well as "[c]omputer storage media and the digital content to include but not limited to . . . tapes[,] . . . CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or images of child pornography." Officers executing the search at Sensi's home located the locked black duffle bag in a large closet in the master bedroom. The closet contained, *inter alia*, men's clothing, several boxes, a red duffle bag, and a locked black duffle bag. During the search of the red duffle bag, the officers found Hi8 videotapes that "appeared to be homemade" as they also had handwritten labels marked with female names and "XXX." Next to the red duffle bag, the officers found the black duffle bag and a box that contained, *inter alia*, a variety of sexual devices and additional Hi8 videotapes.

The officers seized the locked black duffle bag and took it to the sheriff's office where, later that day, they cut the lock off and reviewed the bag's contents. Inside, they found, among other things, several more Hi8 videotapes depicting Sensi engaged in sex acts with a girl who appeared to be under the age of 12. Sensi asserts that the seizure and search of the black duffle bag was improper because a separate search warrant was required. We disagree.

Here, the search warrant plainly authorized the officers to search the black duffle bag in Sensi's closet, as it was a container in Sensi's home that was capable of holding the items for which the search warrant authorized them to look. *See United States v. Ross*, 456 U.S. 798, 820-21 (1982) (noting that a legitimate search "is not limited by the possibility that separate acts of entry or opening may be required to complete the search"). The affidavit in support of this warrant, moreover, specifically discussed removing evidence from the residence so that it could be forensically searched off-site. In addition, given the uncontested probable cause to believe that child pornography would be found in Sensi's home and the proximity of the black duffle bag to the sexual devices and Hi8 tapes which appeared to be homemade pornography, the police had probable cause to believe that the black duffle bag contained items that were enumerated in the warrant at the moment they seized it. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (probable cause to search exists where the circumstances indicate a "fair probability that contraband or evidence of a crime will be found in a particular place"). And because the search was authorized by the warrant, the officers did not need to obtain a separate search warrant in order to search the duffle bag solely because it was locked. *See Ross*, 456 U.S. at 820-21 ("When a legitimate search is under way, and when its purpose and its limits have

5

been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home . . . must give way to the interest in the prompt and efficient completion of the task at hand."). Sensi's arguments to the contrary are without merit.

## 2. *Validity of the Plea Agreement*

Pursuant to his plea agreement, Sensi agreed, in consideration for the Government consenting to his reservation of a right to appeal as to the Fourth Amendment issue, that he would not appeal any other issue. He argues now that he was not bound by this agreement because his plea agreement is void for lack of consideration. We apply contract law principles in considering plea agreements. *See United States v. Salcido-Contreras*, 990 F.2d 51, 52 (2d Cir. 1993) (per curiam). We disagree with Sensi's contentions.

The Government promised in the plea agreement "to permit the defendant to reserve his right to appeal" the district court's June 8, 2010 ruling "relating to the suppression hearing." Sensi argues principally that because the district court imposed the maximum allowable sentence, he in fact received nothing for his bargain. Contrary to his claim, however, Sensi retained the ability to appeal the denial of his suppression motion. And although he could have gone to trial and

6

appealed on this ground if convicted, the plea agreement provided him the ability to appeal on the Fourth Amendment issue while entering a guilty plea "for a *chance at a reduced sentence*." *United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) (per curiam) (emphasis in original). Sensi's argument that he in fact received the maximum allowable sentence is inapposite. "An element of risk was part of the bargain." *Id*. And Sensi's plea agreement specifically disclosed that the court was not bound to reduce Sensi's punishment based on the fact that he pleaded guilty.

We conclude that the plea agreement here is not void for lack of consideration. And we have said, "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement . . . appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." *Salcido-Contreras*, 990 F.2d at 53. Here, Sensi forfeited his right to appeal the substantive reasonableness of his sentence in his plea agreement which states: "[T]he defendant will give up *all of his other appeal rights* and is pleading guilty because he is guilty of the offenses charged against him." (emphasis in agreement) Because we hold that the plea agreement is validly supported by consideration, and is thus binding, we need not address Sensi's argument that his sentence, which fell within the Guidelines range was

7

substantively unreasonable.  *See* U.S.S.G. § 5A.  We therefore dismiss his appeal as to this claim.

We have reviewed Sensi's remaining arguments, including those in his *pro se* supplemental briefs, and find them to be without merit.  For the foregoing reasons, Sensi's appeal of the judgment of the District Court is dismissed in part and the judgment is otherwise **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk