NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0253n.06

No. 16-6137

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|                                |     |                                     |
|--------------------------------|-----|-------------------------------------|
| UNITED STATES OF AMERICA,      | )   | **FILED** May 03, 2017 DEBORAH S. HUNT, Clerk |
|                                | )   |                                     |
| Plaintiff-Appellee,            | )   |                                     |
|                                | )   | ON APPEAL FROM THE UNITED           |
| v.                             | )   | STATES DISTRICT COURT FOR           |
|                                | )   | THE EASTERN DISTRICT OF             |
| MARC KEVIN SCHUHE,             | )   | TENNESSEE                           |
|                                | )   |                                     |
| Defendant-Appellant.           | )   |                                     |
|                                | )   |                                     |
|                                | )   |                                     |

BEFORE: GIBBONS, COOK, and GRIFFIN, Circuit Judges.

PER CURIAM. Marc Kevin Schuhe appeals the district court's denial of his motion to set aside his plea agreement. As set forth below, we affirm.

In August 2014, Schuhe paid the airfare for a 16-year-old girl from Tennessee to travel to California, where they engaged in illegal sexual activity on multiple occasions. He planned to fly the girl back to California in November 2014 to again engage in illegal sexual activity with her. A federal grand jury charged Schuhe with transportation of a minor for criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count One) and attempted transportation of a minor for criminal sexual activity in violation of 18 U.S.C. § 2423(a) and (e) (Count Two). Pursuant to a written plea agreement, Schuhe entered a guilty plea to Count One. Ten months after pleading guilty, Schuhe filed a motion pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B) to set aside his plea agreement and to allow him to plead guilty to both counts of the indictment

without being bound by the plea agreement's terms. The district court denied Schuhe's motion. At sentencing, the district court imposed a within-guidelines sentence of 235 months of imprisonment. This timely appeal followed.

Schuhe challenges the district court's denial of his motion to set aside his plea agreement. We review the district court's decision for abuse of discretion. *United States v. Giorgio*, 802 F.3d 845, 848 (6th Cir. 2015).

After the district court accepts a guilty plea, the defendant may withdraw the plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," we consider the totality of the circumstances, including the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Catchings*, 708 F.3d 710, 717-18 (6th Cir. 2013) (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).

Schuhe contends that the district court erred in applying the *Bashara* factors because he is arguing that he is not bound by the plea agreement because it lacked consideration and because he has not asserted his innocence. But we have applied the *Bashara* factors where the defendant challenged the validity of the plea agreement and acknowledged his guilt. *See United States v. Ellis*, 470 F.3d 275, 280-85 (6th Cir. 2006).

Consideration of the *Bashara* factors demonstrates that the district court did not abuse its discretion in denying Schuhe's motion to set aside his plea agreement. Ten months elapsed

between Schuhe's guilty plea and his motion. "We have held that far less time, 75 days for example, is 'alone' enough to uphold the district court's denial of a motion to withdraw a guilty plea." *Giorgio*, 802 F.3d at 848 (quoting *United States v. Valdez*, 362 F.3d 903, 913 (6th Cir. 2004)). Schuhe did not offer any reason for his delay in filing his motion and does not dispute his guilt. Based on the plea colloquy, Schuhe's guilty plea was knowing, voluntary, and intelligent. *See United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). Schuhe was 45 years old at the time of his guilty plea and had obtained his GED. Before his arrest, Schuhe was self-employed as a handyman and also assisted with his father's pool and spa business. Schuhe had prior experience with the criminal justice system as evidenced by his four adult convictions. The district court declined to address the final factor—prejudice to the government—because Schuhe had not otherwise established a fair and just reason for withdrawing his plea. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011).

Schuhe's argument that the government's dismissal of Count Two was not adequate consideration for his plea agreement and that he received no benefit for waiving his appellate rights is similarly without merit. Although the government's agreement to dismiss Count Two did not affect Schuhe's guidelines range, the government also agreed to seek an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). That one-level reduction reduced Schuhe's guidelines range from 210 to 262 months to 188 to 235 months. "[A] plea agreement in which the government recommends an extra one-level reduction under § 3E1.1(b) is supported by sufficient consideration." *United States v. Hunter*, 316 F. App'x 470, 473 (6th Cir. 2009) (collecting cases).

On appeal, Schuhe also contends that the government's promise to move for an additional one-level reduction under USSG § 3E1.1(b) and other promises included in the plea agreement

were illusory because of the discretion retained by the government. Schuhe did not challenge this discretionary language—standard language found in many plea agreements—in his motion before the district court. We therefore review for plain error. *See United States v. Droganes*, 728 F.3d 580, 591 (6th Cir. 2013). Schuhe cannot satisfy the plain-error standard where the government moved for the one-level reduction under § 3E1.1(b) and did not otherwise exercise its discretion under the plea agreement.

Finally, Schuhe argues that the government violated the terms of the plea agreement by requesting an upward variance and referring to the conduct underlying Count Two of the indictment. Because Schuhe failed to present these arguments to the district court, we review for plain error. *See id.* Schuhe concedes that the plea agreement "did not explicitly state that the government could not argue for aggravating factors, nor did it promise that the government would support a particular guideline range." This court has recognized that, "[w]hile the government must be held to the promises it made, it will not be bound to those it did not make." *United States v. Barrett*, 890 F.2d 855, 864 (6th Cir. 1989) (quoting *United States v. Fentress*, 792 F.2d 461, 464 (4th Cir. 1986)), *superceded on other grounds as stated in United States v. Williams*, 940 F.2d 176, 181 n.3 (6th Cir. 1991). As for the conduct underlying Count Two, Schuhe specifically acknowledged in the plea agreement that "the sentencing determination will be based upon the entire scope of the defendant's criminal conduct." In any event, the district court denied the government's motion for an upward variance and imposed a within-guidelines sentence.

For these reasons, we **AFFIRM** the district court's judgment.