19-1234-cr
United States v. Floyd

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty.

PRESENT:   BARRINGTON D. PARKER, JR.,
                    RAYMOND J. LOHIER, JR.,
                         *Circuit Judges*,
                    RICHARD K. EATON,
                         *Judge*.*

------------------------------------------------------------------

UNITED STATES OF AMERICA,

        *Appellee*,                                    No. 19-1234-cr

     v.

RUDY FLOYD,

        *Defendant-Appellant*.

------------------------------------------------------------------

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

FOR DEFENDANT-APPELLANT: Allegra Glashausser, Federal Defenders of New York, New York, NY.

FOR APPELLEE: Robert B. Sobelman, Mollie Bracewell, Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED.

Defendant-Appellant Rudy Floyd appeals from a judgment of conviction before the District Court (Schofield, J.) following a guilty plea, pursuant to a plea agreement, to one count of Hobbs Act robbery and one count of brandishing a firearm in relation to the robbery. In the plea agreement, Floyd waived his right to appeal any sentence within or below the stipulated Guidelines range of 262 to 327 months' imprisonment. The District Court sentenced Floyd principally to a term of 144 months' imprisonment, well below the stipulated range. We assume the parties' familiarity with the underlying facts and prior record of

proceedings, to which we refer only as necessary to explain our decision to dismiss the appeal.

On appeal, Floyd argues that the appeal waiver contained in his plea agreement is not enforceable because it lacks consideration. See United States v. Lutchman, 910 F.3d 33, 37 (2d Cir. 2018). Specifically, Floyd contends that he did not receive any benefits from the agreement because he could have received the same sentence without waiving his right to appeal. As part of the plea agreement, however, the Government stipulated to a three-level reduction and agreed not to seek any upward departure from the Guidelines range. These concessions clearly constitute consideration, as Floyd "decided to trade a guilty plea for a chance at a reduced sentence." United States v. Brunetti, 376 F.3d 93, 95 (2d Cir. 2004). We therefore reject Floyd's argument and conclude that his appeal waiver is enforceable.

We have considered Floyd's remaining arguments and conclude that they are without merit. For the foregoing reasons, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court