20-9 (L)
*United States v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                                                     20-9, 20-15

TERRY DECKER, BRIANNA LOWE,

> *Defendants*,

v.

ZACHARY SMITH,

> *Defendant-Appellant*.

_____

1

For Defendant-Appellant:            TIMOTHY P. MURPHY, Federal Public Defender, Western District of New York, Buffalo, NY.

For Appellee:            KATHERINE A. GREGORY, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from amended judgments of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgments of the district court are **AFFIRMED**.

Zachary Smith ("Smith") appeals from the amended judgments of the U.S. District Court for the Western District of New York (Geraci, *J.*) entered on December 19, 2019, sentencing him to a total term of 84 months' imprisonment, followed by a three-year term of supervised release.[1] Smith pled guilty, pursuant to a written plea agreement, to two counts of possession of stolen firearms, 18 U.S.C. § 922(j), and one count of conspiracy to unlawfully steal, possess, and deal in firearms, 18 U.S.C. § 371. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A. Appellate Waiver

On appeal, Smith challenges the district court's imposition of a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession or transfer of firearms in connection with another felony offense, a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, as well as the district court's application of the 18 U.S.C. § 3553(a) sentencing factors. These sentencing challenges are barred by the appellate waiver contained in Smith's October 15, 2014 plea

---

[1] Smith was charged in two separate cases, Nos. 14CR06132 and 14CR06133. In the first, he was sentenced to 84 months and in the second, he was sentenced to 60 months on one count, and 84 months on a second count. All three sentences were to run concurrently for a total sentence of 84 months.

agreement with the government.   Under this agreement, Smith agreed to "waive[] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release" set forth in the agreement.   App'x at 42-43.

"Waivers of the right to appeal a sentence are presumptively enforceable."   *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted).   "[E]xceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence."   *Id.* (internal quotation marks omitted).

Smith argues that the plea agreement cannot be enforced in relation to his present appeal because he was resentenced.   We disagree.   At his October 15, 2014 plea colloquy, Smith acknowledged that he had reviewed the plea agreement with counsel and that he was knowingly waiving his right to appeal a sentence imposed "consistent with th[e] agreement."   App'x at 67. His resentencing did not displace that agreement and instead triggered the waiver because Smith's revised sentence fell well within the range of the agreement.   The plea agreement also clearly provided that Smith would have no right to withdraw his plea or appeal his sentence based on an adjustment to his criminal history category, which was the focus of the resentencing.

Smith further argues that the plea agreement cannot be enforced as it lacked bargained-for consideration.   However, as this Court determined in relation to Smith's first appeal, Smith has not demonstrated that the waiver is unenforceable.   *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004); *see also United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000); Second Circuit Mandate (July 25, 2017), Case Nos. 16-2251, 16-2253.   We therefore conclude that appellate waiver applies to Smith's appeal of the district court's sentencing calculation.

**B. Notification-of-Risk Condition**

Smith also objects to the district court's imposition of its standing notification-of-risk condition as part of his supervised release. In *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019), *cert. denied*, 139 S. Ct. 2659 (2019), this Circuit struck down a notification-of-risk condition that was "vague and afford[ed] too much discretion to the probation officer." After our decision, the Western District of New York issued an amended standing order stating as follows:

> If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*In Re: United States v. Boles, Amended Standing Order*, (W.D.N.Y. Mar. 22, 2019). Smith argues that the revised standing condition nonetheless remains improperly vague, constitutes an improper delegation of authority to the probation office, and provides insufficient notice.

We consider Smith's argument with respect to the notification-of-risk condition because Smith did not clearly waive the right to appeal the conditions of his supervised release. *See United States v. Burden*, 860 F.3d 45, 54 (2d Cir. 2017) (per curiam) ("When an appeal waiver is silent regarding a specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to that aspect of the sentence." (alteration omitted)). Nonetheless, we conclude that Smith's challenge is unripe. The applicable notification-of-risk condition of supervised release contemplates only that Smith "may" be required to notify a third party about the risk he poses after he serves his term of imprisonment. *See United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020). Smith's arguments, as in *Traficante*, therefore depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.*

4

(internal quotation marks omitted).   Accordingly, we decline to reach Smith's challenge to the notification-of-risk condition.   *See United States v. Bryant*, 976 F.3d 165, 182 (2d Cir. 2020); *United States v. Rasheed*, 981 F.3d 187, 200 (2d Cir. 2020).

*       *       *

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the amended judgments of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk