[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13736

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KING CONEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

2                    Opinion of the Court                    21-13736

D.C. Docket No. 4:21-cr-00077-RSB-CLR-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

King Coney, a counseled federal prisoner, appeals his 120-month sentence after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In his initial brief on appeal, he challenges several of the rationales the district court relied upon when deciding his sentence. The Government filed a motion to dismiss Coney's appeal due to the appeal waiver in his plea agreement. Coney responded that this Court should not enforce the appeal waiver because the plea agreement lacked consideration. At the request of the Court, the parties submitted letter briefs which more fully addressed this issue. Assuming *arguendo* that an enforceable appeal waiver in a plea agreement requires consideration, we agree with the Government that it offered sufficient consideration for Coney's plea agreement, and we grant the Government's motion to dismiss this appeal pursuant to the appeal waiver in Coney's plea agreement.

The Eleventh Circuit has held that, with some exceptions, it will enforce defendants' knowing and voluntary appeal waivers. *United States v. Bushert*, 997 F.2d 1343, 1350 & n.18 (11th Cir. 1993). Coney does not contest that he knowingly and voluntarily

agreed to his plea agreement.  Instead, he argues only that the waiver "is not enforceable because there is no proper consideration in exchange for the contractual waiver of [his] Constitutional rights."  *See United States v. Brunetti*, 376 F.3d 93, 95 (2d Cir. 2004) ("[A] guilty plea can be challenged for contractual invalidity, including invalidity based on a lack of consideration.").  We have described plea agreements as contracts subject to basic contract law principles.  *See United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) ("A plea agreement is, in essence, a contract between the Government and a criminal defendant.  Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal . . . .").  But we have not addressed whether a failure of consideration would void an otherwise enforceable appeal waiver in a plea agreement into which a criminal defendant knowingly and voluntarily entered.  We need not settle that question today.

Assuming *arguendo* that an enforceable appeal waiver in a plea agreement requires consideration, we conclude that the Government did provide sufficient consideration.  The Government agreed in the plea agreement that it would "not object to a recommendation by the U.S. Probation Office that [Coney] receive a two-level reduction in offense level for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines."  It also agreed that "[i]f the U.S. Probation Office makes that recommendation, and [Coney's] offense level is 16 or greater prior to any reduction for acceptance of responsibility, the gov-

ernment will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on [Coney's] timely notification of his intention to enter a guilty plea."

Coney argues that this promise by the Government did not confer any benefit upon him and, therefore, did not constitute adequate consideration for his signing the plea agreement. But it did benefit him: it reduced his offense level from 30 to 27, which reduced his Guidelines range from 151–188 months to 120–150 months.

Coney argues that the lower offense level and reduced Guidelines range cannot constitute adequate consideration because he was sentenced to the statutory maximum 120 months in prison, which was the low end of his Guidelines range. *See United States v. Lutchman*, 910 F.3d 33, 38 (2d Cir. 2018) ("[T]hose reductions had no practical impact. Even after a three-level reduction to the respective Guidelines ranges . . . , the bottom of the resulting ranges exceeded the statutory maximum."). We disagree. As the Government notes, the plea agreement allowed Coney to argue for below-Guidelines range sentence. Coney did so, though the district court ultimately rejected his request "because of the seriousness of the offense conduct and because of the seriousness of the criminal history here." Even though the Government's support for an offense level reduction did not affect Coney's ultimate sentence, it gave him "a *chance* at a reduced sentence," which is sufficient consideration. *Brunetti*, 376 F.3d at 95; *see also id.* at 96 ("[T]he *ex post* worthlessness of the considera-

tion he received does not render nugatory the *ex ante* value of what [the defendant] got."); *United States v. Hernandez*, 134 F.3d 1435, 1437–38 (10th Cir. 1998) (holding that the Government provided adequate consideration where it "stipulated" that the defendant was "entitled to a three level reduction in his base offense level under U.S.S.G. § 3E1.1" because the Government "did not have to agree that [the defendant] was entitled to a three level reduction").

Coney argues further in his letter brief that the Government's agreement not to oppose the "acceptance of responsibility" reduction cannot constitute consideration because he was "entitled" to this sentence reduction under Section 3E1.1(a) of the Sentencing Guidelines. *See* U.S.S.G. § 3E1.1 cmt. n.6 ("The government should not withhold such a motion based on . . . whether the defendant agrees to waive his or her right to appeal."). But Coney's argument that he was "entitled" to an "acceptance of responsibility" sentence reduction is rebuffed by an earlier application note to Section 3E1.1: "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right." *Id.* § 3E1.1 cmt. n.3. Moreover, to receive the third level reduction under Section 3E1.1(b), the Government must make a formal motion acknowledging that the defendant's acceptance of responsibility helped avoid the need to prepare for trial. *See* U.S.S.G. § 3E1.1 cmt. n.6 ("Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment un-

der subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing."). Accordingly, we cannot conclude that the Government's promises in the plea agreement concerning the Section 3E1.1(a), (b) sentence reductions were illusory or that they conferred no benefit on Coney.

In summary, the Government's promise to support an offense level reduction cannot be deemed insufficient consideration after the fact merely because the district judge exercised its discretion to impose a sentence within the Guidelines range—even when that sentence was the statutory maximum.[1] Because we conclude that the Government provided Coney sufficient consideration for his guilty plea, the appeal waiver in the plea agreement is valid and enforceable. Accordingly, we **GRANT** the Government's motion to dismiss this appeal pursuant to the appeal waiver in Coney's plea agreement.

---

[1] In light of our decision in this regard, we need not consider the other benefits to Coney which the Government argues also constitute sufficient consideration for his plea agreement and appeal waiver.